Croy *v.* Obion County.

CROY *v.* OBION COUNTY.

(*Jackson.* May 5, 1900.)

INTERSTATE COMMERCE. *Transaction that does not constitute.*

The transaction is not one of interstate commerce that the State is forbidden to lay a privilege tax upon, where a person engaged in selling floor broom brushes obtains the names of forty-six parties, with their addresses, who agree to purchase brushes; then orders the articles, in his own name, from a nonresident manufacturer without mentioning the names of his customers; and where the articles, all precisely alike, and none of them marked for any particular customer, are inclosed in a single box, which is shipped to him, as the purchaser, and he opens it and distributes the contents, one by one, indiscriminately, among the parties who had agreed to take the brushes. The sales, in such case, are not made by the party as agent for a nonresident principal, but for himself and on his own account. The sales are not, likewise, of original packages.

Cases cited and approved: Austin *v.* State, 101 Tenn., 563; Kimmel *v.* State, *ante*, p. 184.

Cited and distinguished: Hurford *v.* State, 91 Tenn., 669; State *v.* Scott, 98 Tenn., 254.

---

FROM OBION.

---

Appeal in error from Circuit Court of Obion County. W. H. SWIGGART, J.

Croy v. Obion County.

J. M. OWNBY for Croy.

Attorney-general PICKLE and C. N. LANNOM for Obion County.

CALDWELL, J. This is an action of replevin, brought by Frank O. Croy against W. W. Epperson, a constable of Obion County, to recover the possession of certain floor-sweeping broom brushes, which the latter had seized as the property of the former, under a distress warrant issued for the collection of a tax for the privilege of selling articles of that kind in that county.

The Circuit Judge tried the case without a jury, and rendered judgment in favor of the defendant; and from that judgment the plaintiff prosecutes an appeal in error.

The plaintiff rests his claim to relief upon the contention that he was engaged exclusively in interstate commerce, and, consequently, that he was protected, by the commerce clause of the Federal Constitution, from State taxation upon his business.

Only one witness was examined on the trial, and that was the plaintiff, who testified in his own behalf. He admitted that he had sold numerous articles, like those involved in this case, to different citizens of Obion County, Tennessee, and that he had paid no tax for the privilege of so doing. He said that he made the sales by sample and as agent of a firm that manufactured

the brushes at Sedalia, Mo.; that he went from house to house and took "orders," which "were just memoranda of names and addresses of parties who agreed to buy the brushes;" that at his convenience he, in his own name, and without giving the name of any customer, sent an order for "forty-six brushes and handles" to one of his principal's distributing agents at Paducah, Ky.; that his order was there filled, and all of the articles shipped to him, in his own name, as an individual, at Union City, in a single box; that he opened the box, took out the brushes, and delivered them, one by one, indiscriminately, at the houses of those who had agreed to buy, all the brushes being alike, and no one of them having been ordered or shipped for any particular purchaser.

The testimony thus delivered fails to disclose transactions in interstate commerce in the legal sense. The statement that the plaintiff was acting as the agent of a nonresident principal, as in Hurford's case, 91 Tenn., 669, and in Scott's case, 98 Tenn., 254, is discredited, and the plaintiff shown to have been engaged in interstate commerce in his own behalf, as in Kimmell's case, *ante*, page 184, by his narration of the manner in which he ordered, received, sold, and delivered the brushes. He did not communicate the names of his customers to his alleged principal, nor take any order from them to that principal, but only took

memoranda of their addresses for his own use; he ordered nothing in the name of any customer, but everything in his own individual name, and in that name alone the shipment was made; he ordered no particular article for any particular customer, but all of them, as a whole, for himself, and with a view to an indiscriminate delivery to his customers, one by one, as he might go to their houses. All these are characteristics of a business done for one's self, rather than of a business conducted by an agent for a principal.

Furthermore, if the plaintiff had, in fact and in good faith, made all of these transactions and done all of these things as agent of a nonresident principal, he would, nevertheless, have been without the protection of the commerce clause of the Federal Constitution and subject to taxation by the State, because the sales were not of original packages, but of distinct parts of an original package after it had been broken, and they, by force of law, had become parts of the general property within the State. *Kimmell* v. *State,* ante, p. 184; *Austin* v. *State,* 101 Tenn., 563.

For the two reasons stated the judgment of the Circuit Court is affirmed. No opinion is expressed as to the right of the plaintiff to test his liability for this tax by an action of replevin.